IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Sharma,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-12-2555-PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, in which Petitioner challenges his criminal conviction in the Maricopa County Superior Court, State of Arizona, Case No. CR 2005-011597. (Doc. 1) Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus (the "Answer") and Petitioner has filed a Reply. (Docs. 11, 12) As explained below, the undersigned Magistrate Judge recommends the Petition be denied as untimely.

**I. Background**

    **A. Charges, Plea, and Sentencing**

On July 19, 2005, the State of Arizona filed an indictment in the Maricopa County Superior Court, charging Petitioner with one count of Fraudulent Schemes and Artifices, a class two felony (Count 1), and three counts of Forgery, a class four felony (Counts 2, 3, and 4). (Doc. 11, Exhibit ("Exh.") A) On February 17, 2006, Petitioner entered into a plea

agreement pursuant to which he pled guilty to Count 1 of the indictment.[1] (Doc. 11, Exhs. FF, GG and HH) The agreement provided that Petitioner would plead guilty to Count 1; be placed on supervised probation after his release from prison in a different matter; pay up to $75,000 in restitution; and Counts 2, 3, 4, and various prior conviction and release-status allegations would be dismissed. (Doc. 11, Exh. FF)

At the sentencing hearing on April 28, 2006, the trial court entered a judgment of guilt as to Count 1 and placed Petitioner on probation for five years, to begin upon his discharge from prison in a different matter. (Doc. 11, Exhs. KK, LL and MM) The trial court also ordered Petitioner to pay restitution to the victim. (Doc. 11, Exhs. MM) The restitution issue was not finalized until almost two years later, on March 6, 2008, when the trial court issued an order directing Petitioner to pay $56,216.37 to a title insurance company. (Doc. 11, Exh. EEE)

### B. State Post-Conviction Proceedings

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. *See* A.R.S. § 13-4033(B). Petitioner, however, retained his right to seek review in an "of-right proceeding" under Rule 32 of the Arizona Rules of Criminal Procedure. Ariz.R.Crim.P. 32.1, 32.4. On May 16, 2006, Petitioner filed a Notice of Post-Conviction Relief. (Doc. 11, Exh. NN) The trial court appointed counsel to represent Petitioner in the post-conviction proceedings. (Doc. 11, Exh. OO) Petitioner's counsel subsequently filed a notice stating he had reviewed the record and could find no claims to raise. (Doc. 11, Exh. TT) Counsel also requested an extension of time for Petitioner to file a *pro se* petition for post-conviction relief. (*Id.*) The trial court granted Petitioner 45 days from October 18, 2006, the date of the order, to file a *pro se* petition. (Doc. 11, Exh. UU) On January 4, 2007, the trial court dismissed the post-conviction proceedings because Petitioner failed to file a petition. (Doc. 11, Exh. XX) Petitioner did not seek review of the trial court's ruling in the Arizona Court of Appeals. (Doc. 11, Exhs. MMMM, NNNN)

---

[1] The Honorable Warren J. Granville presided over the change of plea and sentencing hearings.

- 2 -

1    On November 20, 2007, Petitioner filed a second Notice of Post-Conviction Relief.
2 (Doc. 11, Exh. YY) The trial court again appointed counsel to represent Petitioner. (Doc. 11,
3 Exh. ZZ) Nine days after filing his second notice, Petitioner filed a third Notice of Post-
4 Conviction Relief on November 29, 2007. (Doc. 11, Exh. AAA) On December 6, 2007, the
5 trial court issued a Minute Entry explaining it had received Petitioner's third notice but
6 because he was represented by counsel, the court would not consider it. (Doc. 11, Exh. BBB)
7 The trial court simply ordered that it be forwarded to Petitioner's counsel. (*Id.*) On April 9,
8 2008, Petitioner's counsel filed a notice stating he had reviewed the record and could find
9 no meritorious claims to raise in a post-conviction petition. (Doc. 11, Exh. FFF) Counsel
10 also requested an extension of time for Petitioner to file a *pro se* petition, which the trial
11 court granted. (Doc. 11, Exhs. FFF, GGG)

12   On August 4, 2008, Petitioner filed a *pro se* Petition for Post-Conviction Relief,[2]
13 arguing he was denied a restitution hearing, and there was newly-discovered evidence the
14 victim did not own the property at issue. (Doc. 11, Exh. KKK) After briefing was completed,
15 the trial court dismissed the petition on November 12, 2008. (Doc. 11, Exh. NNN) The trial
16 court found Petitioner's claims time-barred pursuant to Ariz.R.Crim.P. 32.2(a)(3) because
17 they were not raised in his first post-conviction proceeding or in an objection to the
18 restitution order the trial court issued on August 28, 2006. (*Id*) In that August restitution
19 order, the trial court gave Petitioner until December 8, 2006, to object to the restitution award
20 of more than $56,000 to the title insurance company. (*Id.*) Petitioner did not object and the
21 trial court finalized the restitution order on December 8, 2006. (Doc. 11, Exhs. NNN, EEE)
22 Alternatively, the trial court found Petitioner's allegations were factually inaccurate and
23 lacked merit. (Doc. 11, Exh. NNN) Petitioner did not seek appellate review of the trial
24 court's dismissal of the petition. (Doc. 11, Exhs. MMMM, NNNN)

---

27   [2] The trial court rejected Petitioner's first two *pro se* petitions because they failed to
28 comply with the Arizona Rules of Criminal Procedure, but granted Petitioner further
extensions of time to correct the errors. (Doc. 11, Exhs. HHH, JJJ)

**C. First Petition for Writ of Habeas Corpus**

On May 28, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1 of CV 09-1139-PHX-ROS (LOA)) Petitioner subsequently filed a Second Amended Petition, arguing his Sixth Amendment right to confrontation was violated and his plea was coerced. (Doc. 8 of CV 09-1139-PHX-ROS (LOA)) The undersigned Magistrate Judge issued a Report and Recommendation on December 28, 2009, recommending the petition be denied as untimely and procedurally defaulted. (Doc. 15 of CV 09-1139-PHX-ROS (LOA)) The assigned District Judge adopted the Report and Recommendation and denied the petition on January 19, 2010. (Doc. 16 of CV 09-1139-PHX-ROS (LOA))

**D. Probation Violation**

It appears Petitioner began serving his five-year probation sentence on June 14, 2009. (Doc. 11, Exh. UUU)  On November 18, 2010, his probation officer filed a Petition to Revoke Probation based on Petitioner's alleged failure to pay restitution as ordered and abide by "Special White Collar Conditions of Probation." (*Id.*)  Petitioner, through counsel, responded to the petition to revoke and denied the allegations. (Doc. 11, Exhs. VVV, WWW and XXX) A violation hearing was held in Maricopa County Superior Court on January 21 and 28, 2011.[3] (Doc. 11, Exhs. YYY, BBBB)  At the conclusion of the two-day hearing, the trial court  found Petitioner violated the special white collar conditions of his probation by opening a bank account in July 2010 without prior approval, failing to account for income deposited into his bank accounts, and having an encumbrance on his vehicle without probation department approval. (Doc. 11, Exh. BBBB at 61-62,[4] CCCC)  A disposition hearing was held on February 4, 2011, at which the trial court revoked Petitioner's probation and sentenced him to the minimum prison term of four years in the Arizona Department of Corrections. (Doc. 11, Exh. FFFF, GGGG)

---

[3] The Honorable Michael W. Kemp presided over Petitioner's probation violation and disposition hearings.

[4] The referenced page numbers represent the page numbers appearing on the original exhibit, not the page numbers generated by the Court's electronic filing system.

1   Petitioner, through counsel, filed a direct appeal of the trial court's ruling, arguing the
2   four-year prison sentence imposed was excessive. (Doc. 11, Exh. HHHH) After briefing was
3   completed, the Arizona Court of Appeals issued a Memorandum Decision on October 4,
4   2011, affirming the trial court's decision. (Doc. 11, Exh. KKKK) Petitioner did not seek
5   further review in the Arizona Supreme Court. (Doc. 41, Exh. LLLL)

**E. Current Petition for Writ of Habeas Corpus**

On November 27, 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus in this District Court.[5] (Doc. 1) Petitioner raises three grounds for relief in the Petition. In Ground One, Petitioner alleges his trial counsel provided ineffective assistance of counsel by improperly advising Petitioner to enter a plea agreement. In Ground Two, Petitioner alleges prosecutors violated the Due Process Clause and committed misconduct when they failed to failed to turn over exculpatory evidence. In Ground Three, Petitioner alleges his plea agreement was an invalid contract of adhesion. On June 20, 2013, Respondents filed their Answer and supporting exhibits. (Doc. 11)  Petitioner then filed his Reply on July 8, 2013. (Doc. 12)

**II. Discussion**

Respondents argue the Petition should be dismissed as time-barred because it was not filed within the statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Alternatively, Respondents argue Petitioner's claims are procedurally defaulted.

Because the information presented clearly establishes the Petition was filed after the limitations period expired, the undersigned Magistrate Judge finds the Petition is barred and recommends it be denied on that basis. It is, therefore, unnecessary to address Respondents' alternative argument.

---

[5] The docket reflects the Petition was actually filed on November 29, 2012. (Doc. 1) The November 27, 2012 filing date is the date Petitioner signed the Petition, doc. 1 at 9, and reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

- 5 -

**A. Jurisdiction**

Respondents concede that even though Petitioner previously filed a habeas petition in this District Court challenging the same underlying State court conviction, the District Court has jurisdiction over this matter. (Doc. 11 at 12-14) This Magistrate Judge agrees with Respondents' analysis that the instant petition is not a "second or successive application" for which Petitioner was required to seek authorization from the Ninth Circuit Court of Appeals before filing it. *See* 28 U.S.C. § 2244(b)(3). In *Magwood v. Patterson*, 561 U.S. __, 130 S.Ct. 2788, 2802 (2010), the United States Supreme Court held that where "there is a 'new judgment intervening between the two habeas petitions,'[citation omitted], an application challenging the resulting new judgment is not 'second or successive' at all." Similarly, in *Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012), the Ninth Circuit, following *Magwood*, held a petition is not "second or successive" under the AEDPA where it challenges a new, intervening judgment.

Here, after Petitioner filed his first habeas petition in this Court in 2009, a new State court judgment was issued revoking his probation and sentencing him to four years in prison. This Magistrate Judge finds, therefore, the instant petition is not "second or successive" and Petitioner was not required to obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) before filing it.

**B. Statute of Limitations Legal Standards**

Turning to the issue of timeliness, the AEDPA[6] imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[6] The AEDPA, which was enacted on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

   seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely."). Filing a new petition for post-conviction relief, however, does not reinitiate a limitations period that ended before the new petition was filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

   The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562

1 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

**B. Analysis**

**1. Limitations Period**

Here, the trial court revoked Petitioner's probation and sentenced him to prison on February 4, 2011. (Doc. 11, Exh. GGGG) Petitioner then filed a direct appeal in the Arizona Court of Appeals.[7] After the Arizona Court of Appeals issued its Memorandum Decision on October 4, 2011, Petitioner had thirty days to seek review of that decision in the Arizona Supreme Court. *See* Ariz.R.Crim.P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court . . . ."). As a result of Petitioner's failure to file a petition for review in the Arizona Supreme Court, the judgment became final upon the expiration of the thirty-day period for seeking review, which was November 3, 2011. *See* 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (judgment became final on the date the petitioner allowed his time to seek review in the Arizona Supreme Court to expire). The one-year limitations period began to run the next day, November 4, 2011, and ran uninterrupted until it expired on Monday, November 5, 2012. As indicated above, Petitioner submitted the Petition to this Court on November 27, 2012, approximately three weeks after the deadline.

**2. Tolling**

Statutory tolling of the limitations period is inapplicable here. Petitioner had no "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" pending during the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).

Regarding equitable tolling, as referenced above, the limitations period set forth in § 2244(d) is subject to equitable tolling where a petitioner shows he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing a timely petition. *Holland*, 130 S.Ct. at 2562. Equitable tolling is applied sparingly, as reflected by

---

[7] Petitioner's timely Notice of Appeal was filed on February 22, 2011. (Doc. 11, Exh. NNNN)

- 8 -

the "extraordinary circumstances" requirement. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling is not available in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A *pro se* petitioner's ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) (in the 28 U.S.C. § 2255 context, rejecting movant/prisoner's attempt to justify his lack of diligence on his *pro se* status and lack of legal sophistication and stating: "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"), *cert. denied*, 558 U.S. 897 (2009). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter alia*, *Holland*, 130 S.Ct. at 2562).

Here, Petitioner has failed to show extraordinary circumstances stood in his way and prevented him from filing a timely petition. In the section of the Petition that directed Petitioner to explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar the Petition, Petitioner cites an inapplicable United States Supreme Court case. (Doc. 1 at 9) Petitioner cites *Maples v. Thomas*, 132 S.Ct. 912, 927 (2012), which held that a habeas petitioner established cause to excuse his procedural default by showing his attorney abandoned him during post-conviction proceedings, thereby causing him to miss the deadline for filing an appeal from the trial court's denial of post-conviction relief. The case has no

1 relevance to the Petition here is timely.

2 Moreover, in his Reply, Petitioner makes no mention of the statute of limitations
3 defense asserted by Respondents. (Doc. 12) Petitioner argues factual issues relevant to the
4 merits of his claims, but presents no explanation for the untimely filing of the Petition. Thus,
5 Petitioner has presented no basis to apply equitable tolling.

6 **C. Conclusion**

7 For the foregoing reasons, this Magistrate Judge finds Petitioner submitted the Petition
8 after the limitations period expired. In addition, this Magistrate Judge finds no basis to apply
9 statutory tolling or equitable tolling. Consequently, the Petition is barred by the AEDPA's
10 statute of limitations.

11 Based on the foregoing,

12 **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus, pursuant to
13 28 U.S.C. § 2254, doc. 1, be **DENIED**;

14 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
15 to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Petition is
16 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
17 debatable.

18 This recommendation is not an order that is immediately appealable to the Ninth
19 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
20 Appellate Procedure, must not be filed until entry of the District Court's judgment. The
21 parties have 14 days from the date of service of a copy of this recommendation within which
22 to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P.
23 6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the
24 objections. Failure to timely file objections to the Magistrate Judge's Report and
25 Recommendation may result in the acceptance of the Report and Recommendation by the
26 district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
27 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
28 undersigned Magistrate Judge will be considered a waiver of a party's right to appellate

1  review of the findings of fact in an order of judgement entered pursuant to the Magistrate
2  Judge's recommendation. *See* Fed.R.Civ.P. 72.
3  DATED this 16th day of January, 2014.

Lawrence O. Anderson
United States Magistrate Judge