**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Mohammed Sharma,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-12-02555-PHX-ROS<br><br>**ORDER** |

Before the Court is Petitioner Peter Sharma's objection to the report and recommendation of the Magistrate Judge. (Doc. 15, Doc. 13). For the following reasons, the Court adopts in part and rejects in part the Magistrate Judge's report and recommendation.

**BACKGROUND**

On July 19, 2005, Petitioner was charged with one count of Fraudulent Schemes and Artifices, a class two felony (Count 1), and three counts of Forgery, a class four felony (Counts 2, 3, and 4). (Doc. 11, Exh. A). On February 17, 2006, Petitioner entered into a plea agreement. (Doc. 11, Exhs. FF, GG and HH). Pursuant to the agreement, Petitioner pled guilty to Count 1; was placed on five years' supervised probation to begin after his release from prison in a different matter; and was ordered to pay restitution. (Doc. 11, Exh. FF). As a result of his plea, Counts 2, 3, 4, and various prior conviction and release-status allegations were dismissed. (Doc. 11, Exh. FF). The sentence was entered on April 28, 2006. (Doc. 11, Exhs. KK, LL and MM). But the restitution amount

was not finalized until almost two years later, on March 6, 2008. (Doc. 11, Exh. EEE).

In pleading guilty, Petitioner waived his right to a direct appeal. *See* A.R.S. § 13-4033(B). Petitioner, however, retained his right to seek review in an "of right proceeding" under Rule 32 of the Arizona Rules of Criminal Procedure. Ariz.R.Crim.P. 32.1, 32.4. On May 16, 2006, Petitioner filed a Notice of Post-Conviction Relief. (Doc. 11, Exh. NN). Petitioner's appointed counsel then filed a notice that he had reviewed the record and could find no viable claims. (Doc. 11, Exh. TT). The trial court granted Petitioner 45 days to file a *pro se* petition (Doc. 11, Exh. UU) but dismissed the post-conviction proceedings on January 4, 2007, because Petitioner failed to file a petition. (Doc. 11, Exh. XX).

Petitioner filed two more Notices of Post-Conviction Relief. (Doc. 11, Exh. YY, AAA). Again, Petitioner's counsel filed a notice stating he had reviewed the record and could find no meritorious claims to raise in a post-conviction petition. (Doc. 11, Exh. FFF). Counsel also requested an extension of time to allow Petitioner to file a *pro se* petition, which the trial court granted. (Doc. 11, Exhs. FFF, GGG). On August 4, 2008, Petitioner filed a *pro se* Petition for Post-Conviction Relief, arguing he was denied a restitution hearing and claiming newly-discovered evidence. (Doc. 11, Exh. KKK). The trial court dismissed the petition on November 12, 2008, finding Petitioner's claims time-barred pursuant to Ariz.R.Crim.P. 32.2(a)(3) and, alternatively, because they lacked merit. (Doc. 11, Exh. NNN).

On May 28, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1 of CV 09-1139-PHX-ROS (LOA)). Petitioner subsequently filed a Second Amended Petition, arguing his Sixth Amendment right to confrontation was violated and his plea was coerced. (Doc. 8 of CV 09-1139-PHX-ROS (LOA)). The Magistrate Judge issued a Report and Recommendation, recommending the petition be denied as untimely and procedurally defaulted. (Doc. 15 of CV 09-1139-PHX-ROS (LOA)). The District Court adopted the Report and Recommendation and denied the petition. (Doc. 16 of CV 09-1139-PHX-ROS (LOA)).

On November 18, 2010, Petitioner's probation officer filed a Petition to Revoke

Probation based on Petitioner's alleged failure to pay restitution as ordered by "Special White Collar Conditions of Probation." (Doc. 11, Exh. UUU). The trial court found Petitioner violated the conditions of his probation. (Doc. 11, Exh. BBBB at 61-62, CCCC). A disposition hearing was held on February 4, 2011, at which the trial court revoked Petitioner's probation and sentenced him to the minimum prison term of four years in the Arizona Department of Corrections. (Doc. 11, Exh. FFFF, GGGG). Petitioner appealed, but the court of appeals dismissed the appeal. (Doc. 11, Exh. HHHH, KKKK).

On November 27, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1). Petitioner raised three grounds for relief in the Petition. In Ground One, Petitioner alleges his trial counsel provided ineffective assistance of counsel by improperly advising Petitioner to enter into a plea agreement. In Ground Two, Petitioner alleges prosecutors violated the Due Process Clause and committed misconduct when they failed to turn over exculpatory evidence. In Ground Three, Petitioner alleges his plea agreement was an invalid contract of adhesion.

In the Magistrate Judge's report and recommendation, he frames the issues as pertaining to the most recent state court judgment revoking Petitioner's probation and sentencing him to four years in prison. The Magistrate Judge calls it an "intervening" judgment providing new grounds for challenge, but recommends denial based on failure to comply with the statute of limitations for filing a petition. (Doc. 13). Petitioner, however, characterized his Petition as based on the earlier conviction and process that lead to his guilty plea. Significantly, Petitioner does challenge any aspect of his probation revocation. (Doc. 15).

## ANALYSIS
**I. Standard of Review for Report and Recommendation**

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo*. *Id*. See also *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

- 3 -

"Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Mortensen v. BAC Home Loans Servicing, LP*, 1:10-CV-00298-EJL, 2013 WL 943085 (D. Idaho Mar. 8, 2013). Petitioner's objections to the Report and Recommendation are not to the facts but to the legal conclusions to be drawn from those facts. Thus, the Court will review the legal issues *de novo*.

**II. Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a second or successive petition for a writ of habeas corpus is only allowed by leave of the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals will only grant such leave where the second petition presents a claim that has not already been adjudicated and which is based on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (citing 28 U.S.C. § 2244(b)(2)).

**III. The Petition is Successive.**

In the report and recommendation, the Magistrate Judge recognized a petition will not be considered successive if it is based upon a "new judgment intervening between the two habeas petitions." (Doc. 13) (citing *Wentzell v. Neven*. 674 F.3d 1124 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2336 (U.S. 2013)). A resentencing that replaces an earlier conviction constitutes an intervening judgment. *Morgan v. Ryan*, CV-10-2215-PHX-ROS, 2011 WL 6296763 at *6 (D. Ariz. Nov. 28, 2011), *report and recommendation adopted*, CV-10-2215-PHX-ROS, 2011 WL 6296758 (D. Ariz. Dec. 16, 2011). But a new sentence that exists as a separate judgment based upon new findings, for example, "a finding of guilt of violating probation" is not. *Morgan*, 2011 WL 6296763 at *6 ("While the probation violation judgment *depended* upon the existence of the earlier conviction and sentence judgment, it did not *supplant* the judgment.") (emphasis added).

In *Wentzel v. Nevinl*, following an initial petition for a writ of habeas corpus, a state court amended a judgment of conviction. 674 F.3d 1124, 1125 (9th Cir.

- 4 -

2012), *cert. denied*, 133 S. Ct. 2336 (U.S. 2013). The amended judgment vacated a conviction on one of the original counts but left in place convictions on two other counts. *Wentzell*, 674 F.3d at 1125. The Ninth Circuit held Wentzell's subsequent petition attacking his conviction on the two remaining counts was not successive due to the intervening judgment:

> [W]here a first habeas petition results in an *amended judgment*, a subsequent petition is not successive, even if its claims could have been raised in a prior petition or the petitioner effectively challenges an unamended component of the judgment . . . we must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment.

*Id.* at 1126-1127 (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)) (internal quotation marks omitted) (emphasis added).

Petitioner's case is governed by *Morgan*, not *Wentzell*. Here, the result of the January 2011 hearing was not to vacate and replace Petitioner's underlying conviction but to enter a new, separate judgment containing a new sentence. (Doc. 11-6 at 106). Although the new sentence "*depended* upon the existence of the earlier conviction and sentence judgment, it did not *supplant* the judgment." *Morgan*, 2011 WL 6296763 at *6 (emphasis added). The Petition, which challenges an unmodified judgment of conviction, is successive and not within this Court's jurisdiction absent authorization from the court of appeals. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (holding once a district court correctly recognizes a petition as "second or successive" under § 2244(b), it lacks jurisdiction to consider the merits thereof). The fact that Respondents incorrectly analyze this point of the Court's jurisdiction does not alter the result since "[s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012). Therefore, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and this action are dismissed without prejudice to allow Petitioner to seek leave of the Ninth Circuit Court of Appeals to file a second or successive petition.

1     Accordingly,

2     **IT IS ORDERED** the Magistrate Judge's Report and Recommendation (Doc. 13) is **ADOPTED** as to the facts and **REJECTED** as to the legal conclusions. The Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as set forth above.

    Dated this 7th day of October, 2014.

    Honorable Roslyn O. Silver
    Senior United States District Judge